UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
AT LOUISVILLE

UNITED STATES OF AMERICA                                                    PLAINTIFF

v.                                                             CRIMINAL ACTION NO. 3:10CR-142-S

GEORGE HARRIS                                                                     DEFENDANT

## **MEMORANDUM OPINION AND ORDER**

This matter is before the court on motion of the defendant, George Harris, for revocation of the order of detention entered by the United States Magistrate Judge on November 5, 2010. The parties have fully briefed the matter, the court has conducted a review of the detention hearing before the magistrate judge and the Pretrial Services Report. The defendant has not offered any additional evidence. Rather, he takes issue with the magistrate judge's conclusions reached from that evidence. Therefore, the court finds that no additional hearing is necessary and that a determination may be made on the present record.

Harris was indicted for conspiracy to possess with intent to distribute and with possession with intent to distribute five kilograms or more of cocaine. Harris was arrested, and on November 3, 2010 a detention hearing was held. At that time, the United States sought to have Harris detained, noting that he had ten misdemeanor convictions between 2002 and 2008, eight of which involved possession of marijuana and one which involved carrying a concealed deadly weapon.

With the information then available, the magistrate judge indicated an initial inclination to consider release terms including electronic monitoring of the defendant, but continued the hearing

to provide the defendant and the United States Probation Office some additional time to further investigate the defendant's circumstances.

The detention hearing was reconvened on November 5, 2010, and additional information was presented which convinced the magistrate judge by clear and convincing evidence that the defendant posed a danger to the community and that no condition or combination of conditions could ensure the safety of the community were the defendant to be released from custody. The magistrate judge found, in pertinent part:

> ...And I think because I had some inclination to release him and I've changed my mind...that I've got a responsibility to go through and to explain this, which I'm going to do now.
>
> I wrote down a list of factors here in my notes. They're not necessarily in order of importance, but this is a presumption case – the lawyers understand that – but it means that it's a type of case, a drug-dealing case of a significant quantity where Congress has identified this as a matter of particular concern.
>
> And the reason is, as we all know, that there is a great deal of risk to the community and violence in the community associated with drug dealing...
>
> Secondly, there is a significant association with firearms, not – not in the instant charges, but the defendant was arrested and actually served some small amount of time for misdemeanor carrying [concealed] deadly weapon charge...
>
> It's represented to the Court and not denied that there was a search warrant that was executed where multiple semiautomatic weapons were found and body armor...That's indicative of serious involvement with criminal activity and possible drug dealing.
>
> Next, the probation office has changed its perspective...I am concerned about the lack of candor on the properties. He didn't reveal any [ownership of real estate] and then in the hearing we learned about some, and then with further search, it turns out that there are more. That lack of candor is not a good thing for the defendant.
>
> I'm concerned about the $100,000 or so in improvements to a property from someone who appears to have an employment record that is spotty doing things for which you don't earn $100,000. Even if we knock off $25,000 for lottery winnings, accepting that as being fact, there's still a lot of property acquisition and

improvement going on here. And if you put that together with possession of firearms, with the association with violence, the fact that there's a...Title III wiretap that, apparently, has significant evidence, there's a quantity of drugs, 5 kilograms or more, and a significant minimum sentence, this tips over in my view by clear and convincing evidence of a case with someone who's involved with serious drug dealing. And I don't find that he's a risk of flight, but I will find by clear and convincing evidence that the drug dealing and associate [sic] with weapons presents a danger to the community , and I'll order on that basis that he be detained.

11/05/10 Det. Hrg., pp. 19-20.

Additionally, this court has reviewed the Pretrial Service Report which was provided to the magistrate judge on November 5th. It lists an extensive criminal record replete with drug possession charges over the period 2002 through 2008. It also evidences the weapons charge referenced by the magistrate judge. The report also lists assault and domestic violence charges. Noted by the probation officer, Harris has a history of prior arrests for possession of marijuana, including an arrest in Miami Florida. He also has a self-reported history of substance abuse. There is no question that the magistrate judge carefully considered the evidence and the recommendations of both the United States and the probation officer. The magistrate judge made a well-supported finding by clear and convincing evidence that Harris poses a danger to the community.

Additionally of concern is what this court views as a significant risk of nonappearance of this defendant were he to be released from custody. Of import is (1) the fact that the defendant concealed his ownership of numerous properties; (2) that the information Harris provided to probation differed significantly from information provided by his mother; and (3) that the probation officer was unable to clearly identify where Harris resided or corroborate his living expenses or income. It was also revealed that there was an outstanding bench warrant for him in Miami, Florida, from a 2008 case in which he failed to appear. Despite the suggestion of a possible "mistaken identity" in Florida in connection with the bench warrant, the magistrate judge ascertained from

various photographs posted on the defendant's business website that he had, indeed, spent time in Florida. This attempt to mislead the probation officer and this court in discerning information about his assets and circumstances coupled with the apparent failure to appear on a charge in Florida would lead this court to find by a preponderance of the evidence that the defendant posed a significant risk of flight should he be released.

The magistrate judge concluded, without explanation, that Harris did not pose a flight risk, despite the United States and the probation officer both urging a contrary result. The court is unimpressed with the assertion on the present motion that Harris has an "insignificant criminal record," and that his willingness to be physically restricted to his mother's house under electronic surveillance and to post his house for bond will ensure his appearance before this court. We note that Harris concealed his ownership of five properties. His self-reported personal circumstances concerning his employment status, finances, drug use, and location of residence differed from the information supplied by Harris' mother and are uncorroborated by probation. Additionally, at the time of the detention hearing, there was an outstanding bench warrant for Harris due to his failure to appear in a Florida court.

The United States has not moved the court to reconsider the magistrate judge's finding with respect to risk of flight. However, the court would note that Title 18 United States Code, § 3142(e) creates a rebuttable presumption in a case such as this one involving a large quantity of drugs[1] that "no condition or combination of conditions will reasonably assure the appearance of the person as required and the safety of the community." § 3142(e)(3). There has been no evidence offered by Harris which would rebut the presumption of flight risk and danger to the community which arises

---

[1] A search was conducted of Harris' house and vehicle. A firearm was discovered in the cushions of a couch. Five thousand forty-nine grams of cocaine was seized from a trap behind the dashboard of the vehicle.

from the serious charges against him.  Further, Harris has offered nothing to call into question the well-reasoned decision of the magistrate judge.

For these reasons, motion having been made and the court being otherwise sufficiently advised, **IT IS HEREBY ORDERED AND ADJUDGED** that the motion of the defendant, George Harris, for revocation of the November 5, 2010 detention order (DN 25) is **DENIED.**

**IT IS SO ORDERED.**

Dated:   November 30, 2010.

```
                                    ENTERED BY ORDER OF COURT:
                                    CHARLES R. SIMPSON III, JUDGE
                                    UNITED STATES DISTRICT COURT
                                      JEFFREY A. APPERSON, CLERK
                                    By Nadine C. Smith, Dep. Clerk
Copies to:
Counsel of Record
United States Probation
United States Marshal
```