UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
AT LOUISVILLE

UNITED STATES OF AMERICA                                                                    PLAINTIFF

v.                                                                      CRIMINAL ACTION NO. 3:10CR-142-S

GEORGE HARRIS                                                                              DEFENDANT

## MEMORANDUM OPINION AND ORDER

This matter is before the court on motion of the defendant, George Harris, for production of discoverable information concerning various orders authorizing electronic surveillance (DN 41).

George Harris has been indicted for drug trafficking. In the course of discovery, the United States provided Harris with a redacted copy of an affidavit for a wiretap for his phone. The order authorizing the wiretap was issued June 30, 2010. The United States will apparently seek to introduce the content of various calls intercepted pursuant to this order.

Harris seeks the production of three categories of evidence in discovery:

(1) An unredacted copy of the June 30, 2010 affidavit supporting authorization for the wiretap, and all recordings of intercepted calls.

(2) Unredacted copies of previous applications for wiretaps which formed part of the basis for the June 30, 2010 authorization and all recordings of calls intercepted.

(3) Copies of all toll records and pen register information obtained during the investigation of this matter.

Mo. for Prod., p. 1.

The United States has responded that it does not object to categories 1 and 3, and that it has either met the requests, or is in the process of providing the information sought in those categories. Resp. to Mo. for Prod., p. 1. Therefore, nothing else need be said with respect to that material.

The United States has also indicated that it will provide Harris recordings of his calls intercepted pursuant to earlier wiretaps, as these recordings are producible under Fed.R.Crim.P. 16 as his recorded statements.

In category 2, Harris also seeks the production of recorded calls of other individuals and documentation supporting applications for other wiretap orders. Harris has not shown that he has standing to seek the recorded statements of other persons seized under wiretaps in another investigation. Harris may have disclosure of other wiretap orders without a showing of good cause (18 U.S.C. § 2518(8)(b)) when the content of communications intercepted under those orders will be introduced by the United States at trial. (18 U.S.C. § 2518(9)).

Harris argues that the affidavit in support of the application for the June 30, 2010 wiretap references "numerous conversations...intercepted during which Harris has discussed the acquisition and distribution of illegal narcotics from (REDACTED)." Mo. for Production, p. 1. Thus the June 30, 2010 wiretap order was issued in part on the offer of evidence obtained under a prior wiretap order. Harris therefore contends that "if an original wiretap has been improvidently granted, then the government cannot use the fruits of that prior wiretap to support the application for a subsequent wiretap." *Id* at p. 6. (*citing United States v. Arreguin*, 277 F.Supp.2d 1057 (E.D.Cal. 2003); *United States v. Vento*, 533 F.2d 838 (3d Cir. 1976).

The United States does not address the law on this point. Rather, it challenges only the timing of Harris' request:

> While it is understood that Harris argues that the previous wiretap documents and recordings are material to the preparation of his defense, required disclosure of such information at this time is premature. As stated above, the United States has either provided or is in the process of providing Harris' relevant recorded conversations, an unredacted copy of the affidavit in support of the June 30, 2010 order and pen register information regarding Harris' phone. After, his review of these disclosures, Harris should inform the court if he still maintains that additional information is discoverable.
>
> Although the United States is providing the June 30, 2010 affidavit well in advance of the ten-day deadline described in 18 U.S.C. § 2518(9), the United States does not concede that the 10-day limitation does not apply. At this time, there is no trial set and there no [sic] pending hearings during which the United States would seek introduction of any previous recorded conversations.

Resp. to Mo. for Prod., p. 3.

Therefore, as the United States has interposed no legal objection to the production of supporting documentation for previous wiretap orders under which Harris' conversations were intercepted, the motion for production of these materials will be granted.

In his tendered order, Harris seeks production of all of these materials within fifteen days. The statute does not require the United States to produce these materials more than ten days prior to trial. § 2518(9). There has been no suggestion that production earlier than the statutory deadline is necessary.

Finally, Harris has sought unredacted copies of all earlier wiretap materials without offering any justification for wholesale disclosure of sealed documents. This aspect of the request will be denied.

Motion having been made and for the reasons set forth herein and the court being otherwise sufficiently advised, **IT IS HEREBY ORDERED AND ADJUDGED** that the motion of the

defendant, George Harris, for production of discoverable information regarding order authorizing electronic surveillance (DN 41) is **GRANTED.** The United States has voluntarily agreed to provide:

1. An unredacted copy of the affidavit in support of the application which resulted in the issuance of the June 30, 2010 wiretap order and recordings of all intercepted conversations.

2. Copies of all toll records and pen register information obtained during the investigation of this matter.

**IT IS FURTHER ORDERED** that the United States will produce copies of supporting documentation supporting previous wiretap order(s) which formed part of the basis for the June 30, 2010 wiretap order and recordings of Harris' conversations intercepted under such order(s). The request for unredacted copies of these documents is denied.

**IT IS SO ORDERED.**