UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
AT LOUISVILLE

UNITED STATES OF AMERICA                                                                           PLAINTIFF

v.                                                                            CRIMINAL ACTION NO. 3:10CR-142-S

GEORGE HARRIS                                                                                         DEFENDANT

### MEMORANDUM OPINION AND ORDER

This matter is before the court on motion of the defendant, George Harris, for suppression of evidence seized from two vehicles, a 1996 Nissan Quest van and a 2003 Lincoln Continental sedan, which were seized from the public street and removed to a secure location where they were later searched pursuant to a search warrant. Harris challenges the warrantless seizure of the vehicles.

By way of background,[1] members of the Louisville Drug Enforcement Administration ("DEA") Task Force executed a search warrant on a residence at 1774 Bolling Avenue in Louisville, Kentucky on July 28, 2010. The residence was believed to be the principal residence of defendant George Harris, the subject of a drug trafficking investigation. In addition to surveillance and other

---

[1] The vehicles in issue were seized without a warrant and impounded. A search warrant was then obtained to search the vehicles. The facts recited herein are taken from the July 29, 2010 sworn affidavit in support of the application for the search warrant for the Nissan van and Lincoln sedan. While the defendant seeks to probe various statements in the affidavit, he has, in fact, not shown that any contested facts exist. Harris is not entitled to an evidentiary hearing in the absence of such a showing. "An evidentiary hearing is required 'only if the motion is sufficiently definite, specific, detailed, and non-conjectural to enable the court to conclude that contested issues of fact going to the validity of the search are in question.' *United States v. Downs*, No. 96–3862, 1999 WL 130786, at *3 (6th Cir. Jan. 19, 1999) (citing *United States v. Unimex, Inc*., 991 F.2d 546, 551 (9th Cir.1993)) (emphasis supplied)." *US v. Abboud*, 438 F.3d 554, 557 (6th Cir. 2006). The defendant's argument is addressed in greater detail later in this opinion.

investigative inquiry, the Task Force had obtained a federal wiretap authorization for Harris' cellular telephone and was monitoring his calls.

On July 28, 2010 when Task Force Officer ("TFO") Thomas Bowling and DEA Special Agent ("SA") Brian Sanders arrived at 1774 Bolling Avenue, they observed George Harris exiting a Nissan van which was parked on the opposite side of the street. They did not approach Harris. The search of the residence was executed. While TFO Bowling and SA Sanders were conducting the search, Harris' phone was being monitored. At that time, Harris was aware of the search being conducted of the Bolling Avenue residence and made a number of calls to an unknown male concerning the Nissan van and the Lincoln sedan. The sedan was not parked in the vicinity of 1774 Bolling Avenue.

With respect to the van, Harris was heard to say, "The FBI just kicked in my door, right now." He was asked, "Are you straight?" to which he responded, "Hell no, I ain't straight. I need somebody to tuck in this car and pull off. That van...Ride by my spot and make sure they ain't touched the van. We got to get the van." Aff., p.2.

With respect to the sedan, Harris was heard to say "Go by momma's...make sure ain't nobody at momma's...I got to move that Lincoln." The unknown male responded that "I'm getting these guns out of here." Harris responded "Just put them in the car and park the car across the street." *Id.*

The information concerning the intercepted calls was relayed to SA Sanders. The agents then deployed a K-9 drug dog who reacted positively for the presence of drugs at the driver's side front door of the Nissan van. The vehicle was towed to a secure lot utilized by the federal government.

The next day after further review of the intercepted calls, TFO Bowling and SA Sanders went to the 1100 block of Lincoln Avenue where they believed Harris' mother lived. A white Lincoln sedan was parked in front of 1100 Lincoln Avenue, the residence of Terry Bliss. Bliss told the agents that he had never seen the vehicle before on the block, and that it had been parked in front of his residence between 4 and 5 o'clock p.m. on July 28. A registration check of the vehicle established that the owner of the sedan was Amanda Irwin of 6919 Arbor Creek Road, Louisville. When looking at the vehicle identification number ("VIN"), SA Sanders observed a George Harris CD case on the driver's side floorboard of the vehicle. Earlier investigation had revealed that Harris was an aspiring rap artist. The agents deployed a K-9 drug dog who reacted positively for the presence of drugs at the passenger side door of the sedan. The vehicle was then towed to a secure lot utilized by the federal government.

Harris challenges the warrantless seizures of the vehicles. He argues that

> The affidavit contains both allegations made by Bowling, such as that phone conversations involving Harris were intercepted when the officers went to execute the search warrant at 1774 Bolling Avenue, and TFO Bowling's interpretations of what those conversations meant. These allegations create a factual dispute between Harris and Bowling...Another factual question at issue is when TFO Bowling heard the alleged wiretap recordings compared to when the vehicles were seized. If the officers seizing the vehicles had not heard the alleged statements prior to seizing the vehicles, then the statements should not be included in determine [sic] whether legal justification for the seizures existed.

Reply, p. 2.

First, it does not appear that Harris has standing to challenge the seizure of the vehicles.

There is nothing in the record establishing ownership of the Nissan van. While the affidavit recites a VIN and temporary tag number for the van, it does not identify the owner.

- 3 -

The affidavit indicates that the agents observed Harris exit the vehicle which was parked across the street. Harris has not pointed to any indicia of ownership, nor has he suggested that the vehicle was located on or in immediate proximity to any real property owned by him. He was not observed driving the vehicle. He was merely seen exiting the vehicle, parked away from 1774 Bolling Ave., on the public street. At best, Harris expressed concern and wished to prevent agents from investigating the vehicle from which they had seen him exit. This is too slim a reed upon which to base standing to challenge the seizure of the vehicle. A defendant may challenge only government conduct that violates *his* legitimate expectation of privacy. *United States v. Payner*, 447 U.S. 727, 732, 100 S.Ct. 2439, 65 L.Ed.2d 468 (1980). We see no ground upon which to challenge the seizure of a vehicle from a public street upon no better ground than that the defendant was observed exiting it. *See generally United States v. Forest*, 355 F.3d 942 (6th Cir. 2004), *rev'd on other grounds, sub nom., Garner v. United States*, 543 U.S. 1100, 125 S.Ct. 1050, 160 L.Ed.2d 1001 (2005)(citing *Payner*, concerning legitimate expectation of privacy in cell-site data); *United States v. Jenkins*, 426 F.Supp.2d 336 (E.D.N.C. 2006)(addressing legitimate expectation of privacy in place to be searched; discussing home, curtilage, and street); *United States v. Williams*, 219 F.Supp.2d 346 (W.D.N.Y. 2002)(finding no expectation of privacy in a driveway that is exposed to the public).

Even if Harris were found to have standing to challenge the seizure of the Nissan van, his contention that the agents acted without probable cause is without merit. The agents knew that Harris wished to avoid investigation of the vehicle, because they had been informed of his phone calls seeking to have an unknown male watch and possibly move the vehicles. Thus the agents became suspicious of Harris' unease. As their investigation of Harris had provided probable cause

- 4 -

to believe he was engaged in cocaine trafficking, they sought to ascertain whether the source of Harris' concern involved the presence of drugs in the vehicle from which they had seen him exit. Upon a positive alert for drugs on the driver's side of the vehicle, the agents were possessed of probable cause to have the Nissan van seized for further investigation.

Harris contends that there are factual disputes, yet he raises none.  He urges that there are disputes of fact concerning when Harris' phone calls were intercepted, when the intercepted communications were relayed to the agents, and the agents' interpretation of those calls.  However, Harris offers no controverting facts or argument calling any of the contentions in the affidavit into doubt.

The affidavit clearly avers that the communications were intercepted contemporaneously with the execution of the search warrant and the information relayed to the agents.  The agents then determined to investigate the nearby vehicle.

We find a lack of standing to be even more clear with respect to the Lincoln sedan.  It was determined that the sedan was owned by an Amanda Irwin on Arbor Creek Road.  The vehicle was found parked at the curb on Lincoln Avenue in the public roadway.  It was not on or in proximity to Harris' mother's property.  Harris has not suggested that he has any ownership or possessory interest in the vehicle.  He was not observed in it or around it at the time of its seizure.  Thus he has shown no basis upon which to challenge the seizure of the sedan.

As with the Nissan van, even if Harris were found to have standing to challenge the seizure of the Lincoln sedan, his contention that the agents acted without probable cause is without merit.

The affidavit indicates that the agents seized the sedan after further review of the intercepted calls the day following the search.  The agents checked out the sedan, its location, and its ownership.

They ascertained that this vehicle was hastily parked on the street on which Harris' mother lived, away from her residence, and that despite the fact that it was owned by someone else, a George Harris CD was observed on the floorboard of the vehicle. In light of Harris' interest in keeping law enforcement away from the vehicle and his discussion with an unknown male about concealing weapons, a known tool of the drug trade, in that vehicle, the agents determined to further investigate. Upon a positive alert for drugs on the passenger's side of the vehicle, the agents were possessed of probable cause to have the Lincoln sedan seized for further investigation.

Therefore, motion having been made and for the reasons set forth herein and the court being otherwise sufficiently advised, **IT IS HEREBY ORDERED AND ADJUDGED** that the motion of the defendant, George Harris, to suppress evidence and for an evidentiary hearing thereon (DN 58) is **DENIED.**

**IT IS SO ORDERED.**

February 2, 2012

**Charles R. Simpson III, Judge**
**United States District Court**