UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
AT LOUISVILLE

UNITED STATES OF AMERICA                                                                        PLAINTIFF

v.                                                                    CRIMINAL ACTION NO. 3:10CR-142-S

GEORGE HARRIS                                                                                    DEFENDANT

## MEMORANDUM OPINION AND ORDER

The defendant, George Harris, is under indictment on drug trafficking and weapons charges. This matter is presently before the court for consideration of objections to the Findings of Fact, Conclusions of Law, and Recommendation of the United States Magistrate Judge (DN 93) that Harris' motion to suppress evidence (DN 67) be denied.

On July 28, 2010, officers of the Drug Enforcement Agency ("DEA") executed a search warrant for 1774 Bolling Avenue, Louisville, Kentucky, a house identified by a confidential informant as Harris' residence. Harris filed a motion to suppress evidence seized pursuant to the search warrant obtained for the home. Harris urged that the affidavit in support of the warrant application contained statements by the affiant that were knowingly false or made with reckless disregard for the truth. In the affidavit, Detective Thomas Bowling averred that the LDO[1] intercepted frequent conversations during which Harris would discuss the distribution of cocaine, often instructing his associates to travel to 1774 Bolling Avenue, a location believed to be his residence.

---

[1] LDO is the acronym for the DEA Louisville District Office, the local narcotics task force.

The magistrate judge held an evidentiary hearing on Harris' motion to suppress. After consideration of the evidence and testimony presented at the hearing, as well as the argument of counsel, the magistrate judge concluded that, in the informed experience of Detective Bowling in translating drug trafficking slang concerning quantities, price, substance, and locations, he did not make knowing or reckless misstatements concerning Harris' communications. The magistrate judge recommended that the court deny Harris' motion to suppress evidence.

The United States Supreme Court held in *Franks v. Delaware*, 438 U.S. 154, 156 (1978) that

> In the event that at that [evidentiary] hearing the allegation of perjury or reckless disregard is established by the defendant by a preponderance of the evidence, and with the affidavit's false material set to one side, the affidavit's remaining content is insufficient to establish probable cause, the search warrant must be voided and the fruits of the search excluded to the same extent as if probable cause was lacking on the face of the affidavit.

For context, the portion of the affidavit in which the pivotal language is found states:

> During the course of the investigation, the LDO intercepted regular conversations between HARRIS and his associates, [redacted], regarding the acquisition and distribution of cocaine. It is believed, based on wire communications and corresponding physical surveillance, that HARRIS is a cocaine distributor, who distributes street-level quantities of cocaine throughout, but not limited to, the west-end of Louisville. The LDO intercepted frequent conversations during which HARRIS would discuss the distribution of cocaine, often instructing his associates to travel to 1774 Bolling Avenue, which is believed to be his primary residence, in order to pick-up cocaine.
>
> Based on intercepted wire communications, the LDO has established that HARRIS, as recently as July 26, had instructed an associate to come to 1774 Bolling Avenue in order to pick-up an undetermined amount of narcotics. However, after some dispute as to where the transaction would ultimately take place, it is unclear whether this transaction was completed. Shortly after the initial conversation, LDO surveillance units had observed a blue Chevrolet Camaro parked along the curb in front of the residence located at 1774 Bolling Avenue.

DN 71-2. p. 4.

At the hearing, Detective Bowling testified at length concerning the coded content of various intercepted phone calls between Harris and other individuals. In his professional experience, and indeed, as acknowledged by many courts including the United States Court of Appeals for the Sixth Circuit,[2] it is rare event when drug dealers *do not* use coded speech to discuss drug transactions. Detective Bowling was asked to cull a number of representative examples from the hundreds of pertinent calls intercepted pursuant to a wiretap authorization in effect during the preceding weeks. Detective Bowling stated that he, in fact, listened to all of the intercepted calls at one time or another during the course of the investigation. He testified that he understood Harris and his associates' references to "off 18th," "the hood," or "the crib," when taken in varying contexts, to mean Harris' home on Bolling Avenue. Detective Bowling indicated that there were three places from which he believed Harris conducted drug transactions - Harris' home on Bolling Avenue, a home Harris was remodeling off of Algonquin Parkway, and a residence believed to be Harris' mother's home on Euclid.

Detective Bowling's testimony concerning phone calls orchestrating cocaine transactions at Harris' Bolling Avenue home stands unrefuted. However, Harris contends that because he did not use the term "cocaine" or reference "1774 Bolling Avenue" in any of the intercepted calls, Detective Bowling's statements in the affidavit concerning the calls are literally false. Harris contends, therefore, that the statements that Harris would discuss the distribution of cocaine and instruct his associates to travel to 1774 Bolling Avenue to pick up cocaine should be disregarded in determining whether the warrant was supported by probable cause. *Franks v. Delaware*, 438 U.S.

---

[2] See Magistrate Judge's Report, p. 9, fn. 17 for citations.

154, 155-56 (1978)(if the "document's remaining content is insufficient to establish probable cause, the search warrant must be voided and the fruits of the search" suppressed).

*Franks v. Delaware* does not establish a "literal falsity" test. Rather, *Franks* starts and ends with the proposition that the Fourth Amendment demands that facts recited in an affidavit to support probable cause be "'truthful' in the sense that the information put forth is believed or appropriately accepted by the affiant as true." *Franks*, 438 U.S. at 165. The requirement of a "truthful showing" for Fourth Amendment purposes does not mean "truthful" in the sense that every fact recited in the warrant is necessarily correct. *Id.* Detective Bowling's statements are not quotations of the intercepted calls. Detective Bowling's unrefuted testimony was that his review of the many hundreds of coded calls in light of his experience with drug trafficking activity established that Harris would discuss the distribution of cocaine, often instructing his associates to travel to 1774 Bolling Avenue to pick up cocaine, and that is the information he included in the affidavit in support of the application for the search warrant. Harris has failed to establish any knowing or reckless falsity of any statement made by Detective Bowling in the affidavit.

Further, we decline to opine on Harris' suggestion that more information should have been included concerning the way in which Detective Bowling garnered the information which he included in the affidavit. The magistrate judge concluded that Detective Bowling did not make any statements knowing them to be false or in reckless disregard for their truth. Once this inquiry is satisfied, the veracity challenge is at an end. We need not be concerned with whether the affidavit could have been written differently. The answer to that question will always be "yes." While there might be an instance where omission of essential information from an affidavit might be shown to constitute a knowing or reckless falsity, this is not such a case. While the magistrate judge found

- 5 -

the affidavit spare, he concluded that Harris failed to establish by a preponderance of the evidence that the affidavit contained any knowing or reckless falsehood. We agree.

For the reasons stated herein and the court being otherwise sufficiently advised, **IT IS HEREBY ORDERED AND ADJUDGED** that the Findings of Fact Conclusions of Law, and Recommendation of the United States Magistrate Judge (DN 93) is **ACCEPTED AND ADOPTED IN ITS ENTIRETY**, the objections of the defendant thereto (DN 94) are **OVERRULED**, and the motion of the defendant, George Harris, to suppress evidence (DN 67) is **DENIED.**

**IT IS SO ORDERED.**